UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

ROBERT TOOLE,

        Petitioner,

v.                                               Case No: 5:24-cv-120-JA-PRL
                                                     (5:15-cr-32-JA-PRL)

UNITED STATES OF AMERICA,

        Respondent.
_____/

**ORDER**

Robert Toole filed a Motion to Vacate, Set Aside, or Correct Sentence (Doc. 1) pursuant to 28 U.S.C. § 2255. The Government filed a Motion to Dismiss, asserting that Toole's § 2255 motion is untimely by more than six years. (Doc. 4). Although given the opportunity to do so (*see* Doc. 6), Toole did not file a response to the motion to dismiss. Upon review of the pleadings and the record, the Court concludes that Toole's § 2255 motion must be dismissed as time barred.

### I.    Background and Procedural History

On November 6, 2015, Toole pled guilty to one count of receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2). *See United States v. Toole*, Case No. 5:15-cr-32-JA-PRL (Criminal Case, Doc. 27, 28).[1] At sentencing, on April 21,

---

[1] Hereinafter referred to as "Cr. Case."

2016, Toole was sentenced to 240 months' imprisonment. (Cr. Case, Docs. 53, 54). The judgment states that the nature of Toole's offense is receipt and possession of child pornography, in violation of 18 U.S.C. § 2252(a)(2).[2] (Cr. Case, Doc. 54). Toole appealed his sentence, and the United States Court of Appeals for the Eleventh Circuit dismissed the appeal on June 16, 2016. (Cr. Case, Docs. 59, 77). On July 26, 2016, the Court entered an amended judgment to direct restitution payments for some of the victims of Toole's offense. (Cr. Case, Docs. 82, 83). The amended judgment also states that Toole's offense is receipt and possession of child pornography but cites the correct statutory provision to which Toole pleaded guilty, 18 U.S.C. § 2252(a)(2). Toole did not appeal the amended judgment.

The present § 2255 motion is the first Toole has filed. Toole executed the motion on March 12, 2024.[3] (Doc. 1). He alleges the United States has breached his plea agreement because the judgment and amended judgment reflect his offense as receipt and possession of child pornography when he pleaded guilty to one

---

[2] Count two of the indictment, which charged Toole with possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2), was dismissed in accordance with the plea agreement. (Cr. Case, Docs. 27, 72 at 33).

[3] Under the "mailbox rule," a pleading is considered filed by an inmate on the date it was delivered to prison authorities for mailing, which (absent contrary evidence) is the date it was signed. *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

count of receipt of child pornography. (*Id.*) Toole has not established how he is prejudiced by the discrepancy on his judgment.

## II. Discussion

### A. AEDPA Limitations Period

Title 28 U.S.C. § 2255 provides in pertinent part:

(f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

### B. Petitioner's § 2255 motion is untimely under 28 U.S.C. § 2255(f)(1)

Toole's conviction became final on September 14, 2016, when the time for filing a petition for certiorari following the dismissal of his direct appeal had passed. *See Kaufmann v. United States*, 282 F.3d 1336, 1338 (11th Cir. 2002) (if a prisoner does not petition for certiorari, conviction becomes final upon expiration

3

Case 5:24-cv-00120-JA-PRL   Document 7   Filed 06/17/24   Page 4 of 7 PageID 56

of ninety-day period for seeking certiorari). To timely file his § 2255 motion, Toole would have to have filed it before September 16, 2017. *See* 28 U.S.C. § 2255(f)(1). The present § 2255 motion was not executed until March 12, 2024, more than six years after the expiration of the limitations period. Accordingly, the motion is untimely and due to be dismissed.

      **C.**      **Petitioner is not entitled to an exception to the limitation period**

Equitable tolling is available only if a petitioner establishes both extraordinary circumstances and due diligence. *See Diaz v. Sec'y for Dep't of Corr.*, 362 F.3d 698, 702 (11th Cir. 2004). In addressing whether a court should consider the merits of a request for federal habeas relief despite the time bar because the petitioner was unlearned in the law and unaware that there was a one-year limitations period for filing a petition for federal habeas relief, the Eleventh Circuit held that "ignorance of available post-conviction remedies cannot excuse a procedural fault." *Towers v. Phillips*, 7 F.3d 206, 211 (11th Cir. 1993) (citing *McCoy v. Newsome*, 953 F.2d 1252 11th Cir. 1992); *Whiddon v. Dugger*, 894 F.2d 1266, 1267 (11th Cir. 1990)). "The burden of proving circumstances that justify the application of the equitable tolling doctrine rests squarely on the [movant,]" and "[m]ere conclusory allegations are insufficient to raise the issue." *San Martin v. McNeil*, 633 F.3d 1257, 1268 (11th Cir. 2011).

Other than asserting that he is a layman and that he learned of the error he raises when reviewing his central file, Toole's § 2255 motion alleges no extraordinary circumstances to excuse his untimely filing. (Doc. 1). Toole did not respond to the Government's motion to dismiss. Thus, Toole has not demonstrated entitlement to equitable tolling or any other exception to the limitations period.

### D. The Court will correct the judgment under Rule 36, Federal Rules of Criminal Procedure

"After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36. Toole pleaded guilty to one count of receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2). At sentencing, count two of the indictment, which charged Toole with possession of child pornography, was dismissed. (Cr. Case, Doc. 72 at 33). The reference in the judgment to possession is a clerical error. Therefore, the Court will enter a second amended judgment in Toole's criminal case to reflect that the nature of Toole's offense for count one is receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2). All other aspects of the judgment will remain the same.

Accordingly, it is hereby **ORDERED AND ADJUDGED:**

1. The Government's Motion to Dismiss Untimely Section 2255 Motion (Doc. 4) is **GRANTED.** Toole's Motion to Vacate, Set Aside, or Correct an Illegal Sentence pursuant to 28 U.S.C. § 2255 (Doc. 1) is **DISMISSED.**

2. The **Clerk** is directed to terminate any pending motions and to then close this case.

3. The **Clerk** is directed to file a copy of this Order in criminal case number 5:15-cr-32-JA-PRL and to terminate the § 2255 motion (Cr. Case, Doc. 96) pending in that case.

4. The Court will enter a second amended judgment in criminal case number 5:15-cr-32-JA-PRL to correct the nature of the offense, as stated herein.

5. This Court should grant an application for certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner has failed to make a substantial showing of the denial of a constitutional right.[4] Accordingly, a Certificate of Appealability is **DENIED** in this case.

---

[4] "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." *Rules Governing Section* 2255 *Proceedings for the United States District Courts,* Rule 11(a).


**DONE and ORDERED** in Ocala, Florida on June 17, 2024.

JOHN ANTOON II
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party